United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-60822
Summary Calendar
_____

SHAHILA SABJAALI MAREDIA,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 421 317
--------------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Shahila Sabjaali Maredia, a native and citizen of India, petitions for review of the Board of

Immigration Appeals'(BIA's) summary affirmance of the denial of her requests for asylum,

withholding of removal, and relief under the Convention Against Torture (CAT).  In light of the

BIA's summary affirmance, we review the immigration judge's decision.  *See Mikhael v. INS*, 115

F.3d 299, 302 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court  has  determined  that this opinion  should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Maredia fails to show that substantial evidence supports that she has an objective fear of being persecuted if she returns to India. She has not shown that she will be singled out for persecution if she returns or that there is a pattern of discrimination against Muslims that she cannot avoid by moving to another part of the country. *See Zhao v. Gonzales*, 409 F.3d 306-07 (5th Cir. 2005); 8 C.F.R. § 203.13(b)(2)(iii); *Eduard v. Ashcroft*, 379 F.3d 182, 193-94 (5th Cir. 2004).

Because Maredia did not make the showing required to establish eligibility for asylum, she cannot meet the more stringent standard necessary to establish eligibility for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Nor does the record compel a finding that Maredia met her burden of showing that more likely than not she would be tortured if she returned to India, such that she is entitled to relief under the CAT. *See Bah v. Ashcroft*, 341 F.3d 348, 352 (5th Cir. 2003).

Accordingly, Maredia's petition for review is DENIED.